**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OUMAR MOUSSA SALL,<br>A# 245 531 090,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, et al.,<br><br>Respondents. | CIVIL ACTION NO. 3:26-cv-01968<br><br>(SAPORITO, J.) |

**ORDER**

On July 14, 2026, the petitioner, appearing through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. In this petition, Oumar Moussa Sall, a native and citizen of Senegal, challenges the legality of his pre-removal-order detention in the custody of U.S. Immigration and Customs Enforcement ("ICE") under 8 U.S.C. § 1225(b)(2)(A). At the time of filing, Sall was being held in ICE custody at Pike County Correctional Facility, located in Pike County, Pennsylvania.

Sall has been in civil immigration detention since he was arrested by ICE officers when he reported for a scheduled ICE check-in

appointment on November 4, 2025. On January 14, 2025, an immigration judge entered an order denying Sall's application for relief from removal and ordered him removed to Uganda. Sall timely filed an appeal with the Board of Immigration Appeals ("BIA") on February 13, 2026.

Sall filed his counseled habeas petition on July 14, 2026, at which time his appeal before the BIA remained pending. The government filed its response to the petition on July 22, 2026, indicating in its papers that the BIA appeal still remained pending.

The court takes judicial notice that on that same day, July 22, 2026, Sall's administrative appeal was dismissed by the BIA. *See* Automated Case Information, Executive Office for Immigration Review, https://acis.eoir.justice.gov/en (A-Number "245-531-090" and Nationality "Senegal") (last visited Sept. 8, 2026). As a consequence, it appears that Sall's removal order has become administratively final, and he is now being held in custody pursuant to 8 U.S.C. § 1231(a)(6) rather than § 1225(b)(2)(A).[1]

[1] The court further takes judicial notice of the Third Circuit's appellate docket, which does not reflect the filing of a petition for review under Sall's name. *See* PACER Case Locator, *available at* https://pacer.login.uscourts.gov (last visited Sept. 8, 2026). Moreover, the

*(continued on next page)*

To the extent Sall's habeas petition challenges the fact of his pre-removal-order detention, that claim became moot when his order of removal because administratively final, and he became confined under 8 U.S.C. § 1231. *See Rodney v. Mukasey*, 340 Fed. App'x 761, 763–64 (3d Cir. 2009); *St. Victor v. Att'y Gen. U.S.*, No. 26-cv-00666, 2026 WL 1345974, at *1 (M.D. Pa. May 14, 2026).[2]

On August 28, 2026, we entered an order directing Sall, who is represented by counsel, to show cause why his petition should not be dismissed as moot. Doc. 7. Sall has failed to file any response to that order, and the time for doing so has expired.

Accordingly, **IT IS HEREBY ORDERED THAT** the petition (Doc. 1) is **DISMISSED as moot**.

Dated: September 9, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge

---

time for doing so appears to have expired. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."). Based on this, we presume that the removal order has not been stayed by the appellate court.

[2] We further note that any challenge to the duration of Sall's post-removal-order detention under § 1231 would appear to be premature at this time. *See Rodney*, 340 Fed. App'x at 764–65; *St. Victor*, 2026 WL 1345974, at *1.